UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **DONALD E. LEVERING, JR.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 94-01272 (ESH)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Upon consideration of plaintiffs' motion to show cause why defendant should not be held

in civil contempt for violation of the order entered in this case by Judge Joyce Hens Green on

November 29, 1994,[1] as well as the parties' memoranda and the relevant law, the Court

concludes that defendant has complied with Judge Green's order, based on the following

findings:

(1) Judge Green's order applied only to the officers named as plaintiffs in the original

action, not to all D.C. canine officers. *See Levering v. District of Columbia*, 869 F. Supp. 24, 30

(D.D.C. 1994) (refusing plaintiffs' request "to add an additional plaintiff and additional liability

at [the summary judgment] stage in the proceedings"); *cf.* 29 U.S.C. § 216(b) (2004) ("No

employee shall be a party plaintiff to any . . . action [for violations of sections 206, 207, or

215(a)(3) of the Fair Labor Standards Act ("FLSA")] unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought.").

Thus, contrary to plaintiffs' assertion, since Judge Green's order did not apply to all canine

---

[1]Although plaintiffs filed their contempt motion on January 17, 2005, this case was only
reassigned to the undersigned judge on March 26, 2007.

officers, many of the claimants herein have no right under the order to recover for the time spent caring for their canines.

(2) It is also undisputed that defendant has complied with Judge Green's order to pay the originally named plaintiffs backpay, liquidated damages, and reasonable attorney's fees in amounts specified by subsequent orders. (*See* Opp. at 5 ("The amounts that the Court found to be owed to the Plaintiffs in 1995 have been fully paid to them."); Reply at 2 ("The District of Columbia government has followed the judgment partially up to this date and has not *simply* paid the specific amounts of the judgment as entered originally in this matter." (emphasis added)).)

(3) Contrary to plaintiffs' assertion - - and notwithstanding that defendant may now *voluntarily* be "including thirty minutes per day for the care of canines for each canine officer" in the D.C. Metropolitan police force (Opp. at 1) - - Judge Green's order awarded only retrospective, not prospective, relief (and further, as already stated, the relief awarded applied only to the originally named plaintiffs). *See Levering*, 869 F. Supp. at 30–31 (discussing the awards of backpay, liquidated damages, and attorney's fees, without mentioning injunctive relief); *cf.* 29 U.S.C. § 217 (2004) (authorizing the district courts to grant injunctions for FLSA violations); *O'Brien v. Town of Agawam*, 440 F. Supp. 2d 3, 15 (D. Mass. 2006) (indicating that declaratory and injunctive relief under the FLSA should be sought separately from backpay and liquidated damages).

Based on the above findings, it cannot be concluded that defendant is in contempt of any court order previously issued in this case by Judge Green.

**ORDERED** that plaintiffs' motion [29] be **DENIED**.


                                                    _____s/_____
                                                    ELLEN SEGAL HUVELLE
                                                    United States District Judge

Date: March 29, 2007